# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **DAMEON RASPBERRY,** | ) |
| Plaintiff, | ) |
| v. | ) No. 21-cv-1055-JDT-tmp |
| **JOSH BRAMLEY, JANAE FIELDS, JASON MCCALLISTER, and REBECCA WATSON,** | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On April 12, 2021, *pro se* plaintiff Dameon Raspberry filed a complaint against defendants Josh Bramley, Janae Fields, Jason McCallister, and Rebecca Watson.[1] (ECF No. 1.) That same day, Raspberry filed an application to proceed *in forma pauperis*, although at the direction of the court he filed an amended application on April 15, 2021. (ECF Nos. 2, 6, 7.) On April 28, 2021, this court granted Raspberry's motion to proceed *in forma pauperis*. (ECF No. 8.) As Raspberry is proceeding *in forma pauperis*, the complaint falls within the screening requirement of 28 U.S.C. § 1915. For the reasons below, it is recommended that

---

[1]Pursuant to Administrative Order No.2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation.

Raspberry's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and that he be granted leave to amend his complaint in accordance with this report.

## I.   PROPOSED FINDINGS OF FACT

Raspberry's complaint centers around two separate arrests that occurred in May of 2020. First, Raspberry alleges that, on May 10, 2020, he was pulled over by a deputy and arrested for stealing a car. (ECF No. 1 at 7.) He states that the "[o]fficer picked me up driving my own car, and arrested me on sight. Not asking me any question[s] about the vehicle." (ECF No. 1 at 7.) According to the complaint, the deputy confiscated his keys and his signed title to the car without noticing that he also had a bill of sale for the car. (ECF No. 1 at 4.) Additionally, Raspberry alleges that, prior to the arrest, Felicia Ellis (the vehicle's prior owner) informed an officer in a recorded conversation that Raspberry did not steal the vehicle from her because she had sold it to him. (ECF No. 1 at 7.) Raspberry was charged with theft of property over $1,000, but the charges were dropped after Ellis testified that she had sold him the car. (ECF No. 1 at 7.)

Next, Raspberry alleges that, on May 26, 2020, he was arrested for domestic assault. (ECF No. 1 at 4.) However, according to the complaint, he "wasn't even at the scene of the crime" and he "had no relation[] to [the] crime." (ECF No. 1 at 4-5.) Raspberry alleges that a deputy entered his mother's house without a warrant

and searched the entire house "looking for someone who was not or never had been with me." (ECF No. 1 at 4.) Raspberry states that his mother, his son, and his sister all witnessed the search and the arrest. (ECF No. 1 at 4.) According to the complaint, following the domestic assault arrest, Raspberry was detained for twelve hours before being released on bond. (ECF No. 1 at 5.)

Raspberry filed the instant complaint on a form complaint designed for 42 U.S.C. § 1983 claims. The complaint names Deputy John Bramley, Deputy Jason McCallister, "Judge/Clerk/Judicial Commissioner" Janae Fields, and "Judge/Clerk/Judicial Commissioner" Rebecca Watson as defendants. (ECF No. 1 at 2-3.) His complaint states that it is predicated on "(1) false arrest; (2) false imprisonment; (3) [i]mproper [g]overnment [a]ctivities; (4) [i]mproper [i]nvestigation; [and] (5) [e]motional distress." (ECF No. 1 at 3.) Raspberry's complaint requests compensatory and punitive damages for the two allegedly false arrests and for being held "without [his] free will." (ECF No. 1 at 5.) The complaint also requests to have Raspberry's record expunged. (ECF No. 1 at 5.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

The undersigned is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state

- 3 -

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Richman v. United States Gov't, No. 2:17-cv-2342-SHM-tmp, 2018 WL 1792172, at *1 (W.D. Tenn. Apr. 16, 2018).

To avoid dismissal under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil

Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B.   Deputy Defendants in Their Individual Capacities**

42 U.S.C. § 1983 "is a vehicle available to redress injur[ies] suffered by individuals whose constitutional or legal rights have been violated by officials acting under color of law." Lomaz v. Hennosy, 151 F.3d 493, 500 (6th Cir. 1998). "To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law." Conexx Staffing Servs. v. PrideStaff, No. 2:17-cv-

02350, 2017 WL 9477760, at *2 (W.D. Tenn. Nov. 3, 2017) (citing Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003)).

As an initial matter, the undersigned notes that Raspberry does not allege in his complaint which of his constitutional rights were allegedly violated. Raspberry's complaint raises allegations of two unlawful arrests and an unlawful detention. These claims arise under the Fourth Amendment. See Devenpeck v. Alford, 543 U.S. 146, 152 (2004) (analyzing a § 1983 false arrest claim under the Fourth Amendment); Alexander v. Boyd, No. 14-1022-STA-egb, 2017 WL 2684091, at *8 (W.D. Tenn. June 21, 2017) ("The Fourth Amendment protects against arrest without probable cause.") (citing Courtright v. City of Battle Creek, 839 F.3d 513, 520 (6th Cir. 2016)). As such, the undersigned construes Raspberry's complaint as alleging violations of his Fourth Amendment rights.

To succeed on his Fourth Amendment claims, Raspberry must plausibly allege "that the arresting officer lacked probable cause to arrest the plaintiff." Voyticky v. Vill. of Timberlake, 412 F.3d 669, 677 (6th Cir. 2005); see Gumble v. Waterford Twp., 171 F. App'x 502, 507 (6th Cir. 2006) ("[T]he existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff.") (quoting Mark v. Furay, 769 F.2d 1266, 1269 (7th Cir. 1985)); Corbin v. Brown, No. C-1-08-781, 2010 WL

3452332, at *2 (S.D. Ohio Mar. 29, 2010) ("Plaintiff's claims of false arrest and false imprisonment in the instant case will turn on whether there was probable cause to arrest Plaintiff."). "Probable cause to make an arrest exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." Alexander v. Beale Street Blues Co., 108 F. Supp. 2d 934, 942 (6th Cir. 1999) (quoting Pyles v. Raisor, 60 F.3d 1211, 1215 (6th Cir. 1995)). "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." Id. (quoting Pyles, 60 F.3d at 1215).

The undersigned submits that, based on the factual allegations contained in the complaint, Raspberry has plausibly alleged that his Fourth Amendment rights were violated. Raspberry alleges that a deputy arrested him for stealing a car despite there being a recording of the previous owner "advising the officer that [he] didn't steal a vehicle that [he] brought from [her]" and a bill of sale memorializing the transaction in the car at the time of the arrest. (ECF No. 1 at 4, 7.) Then, two weeks later, Raspberry alleges that he was arrested by a deputy for a domestic assault that he had nothing to do with and that he was subsequently detained for twelve hours. (ECF No. 1 at 4-5.) This is sufficient

to plead, at the § 1915 screening stage, a violation of his Fourth Amendment rights.

Having found that Raspberry's complaint plausibly alleges a Fourth Amendment violation, the undersigned notes that he has not alleged any facts identifying which deputy or deputies were responsible for each arrest. As a result, Raspberry's complaint does not give either deputy "fair notice" of the claims being alleged against them. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Fed. R. Civ. P. 8(b) (requiring a party filing an answer to "admit or deny the allegations asserted against it by an opposing party."). Without any factual allegations tied to the individual deputies, Raspberry's complaint does not state a claim upon which relief can be granted. See Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." (emphasis in original)) (citing Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842 (6th Cir. 2002)); Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of a *pro se* complaint where the complaint "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of

[Plaintiff's] federal rights"); Warshaw v. Parish, No. 1:20-cv-206, 2020 WL 1545554, at *2 (W.D. Mich. Apr. 1, 2020) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints."). This is grounds for dismissing Raspberry's claims against the deputy defendants under § 1915(e)(2)(B). However, because Raspberry is proceeding *pro se* and the foundation for a sufficient § 1983 claim has already been pled, the undersigned recommends that he be granted leave to amend his complaint to specifically identify which deputy or deputies are alleged to have been responsible for each arrest.

**C.   Individual Defendants in Official Capacities**

Additionally, Raspberry's complaint names each defendant in their official capacity. Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 1654 (1985) (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978)); Leach v. Shelby Cty. Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989) ("A suit against an individual 'in his official capacity' has been held to be essentially a suit directly against the local government."). As such, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all

- 9 -

respects other than name, to be treated as a suit against the entity." Kentucky, 473 U.S. 159, 1654 (1985) (quoting Monell, 436 U.S. at 690 n.55). The undersigned notes that Raspberry does not specify in his complaint which government entity or entities employ the defendants, which is grounds for dismissing the claims. See Stout v. First Tenn. Bank, No. 2:15-cv-02194-JTF-cgc, 2015 WL 1906342, at *1 n.2 (W.D. Tenn. Apr. 20, 2015) ("Service of process cannot be made on unnamed or fictitious parties."). Regardless, the undersigned submits that Raspberry's complaint does not state a plausible claim for § 1983 liability over any municipality.

For purposes of § 1983 liability, a municipality can only be held liable if "an 'officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right.'" Mattox v. Memphis Area Transit Auth., No. 19-2013-MSN-dkv, 2019 WL 2323642, at *2 (W.D. Tenn. Mar. 8, 2019) (quoting Doe v. Claiborne Cty., 103 F.3d 495, 507 (6th Cir. 1996) and citing Monell, 436 U.S. at 690-91). Therefore, a municipality cannot be held liable under § 1983 for the constitutional violations of its employees under a theory of *respondeat superior*. Id. (citing Monell, 436 U.S. at 691); see also Bible Believers v. Wayne Cty., 805 F.3d 228, 260 (6th Cir. 2015) ("Municipalities are not vicariously liable for the actions of their employees."). Rather, a municipality may be held directly liable under § 1983 only where its own policy or

- 10 -

custom "[is] 'the moving force of the constitutional violation.'" Id. (quoting Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994)). As a result, "to demonstrate municipal liability, [a plaintiff] must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Id. (quoting Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003)). A municipal policy can be alleged in one of four ways: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance of or acquiescence to federal rights violations." Epperson v. City of Humboldt, 140 F. Supp. 3d 676, 684 (W.D. Tenn. 2015) (quoting D'Ambrosio v. Marino, 747 F.3d 378, 386 (6th Cir. 2014)).

Raspberry's complaint fails to state a § 1983 claim against the defendants in their official capacities because it does not identify a municipal policy or custom that caused his injuries. Indeed, the entirety of his complaint is centered on two isolated incidents involving four individual defendants. See Red Zone 12 LLC v. City of Columbus, 758 F. App'x 508, 515 (6th Cir. 2019) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory — or, in other words, because it employs

a tortfeasor.") (citing Monell, 436 U.S. at 691). The actions of the individual defendants, without more, do not plausibly establish an "'official policy' that cause[d] the alleged constitutional violation." Id. (citing Monell, 436 U.S. at 691). Further, that Raspberry was arrested twice does not establish a "pattern of misconduct" by a municipality or a custom of acquiescence to federal rights violations. Nouri v. Cty. Of Oakland, 615 F. App'x 291, 296 (6th Cir. 2015); see Epperson, 140 F. Supp. 3d at 685 ("When the plaintiff has none but his own experience upon which to rely, a sufficient claim against the municipality has not been made."). Because Raspberry has not pled an official policy or custom that was the moving force behind his alleged constitutional injuries, it is recommended that Raspberry's claims against the defendants in their official capacities be dismissed.

**D.  Defendants Janae Fields and Rebecca Watson**

As for Fields and Watson, the undersigned submits that Raspberry's § 1983 claims against them must be dismissed for two reasons. First, like the deputy defendants above, Raspberry's complaint does not allege any specific facts against either Fields or Watson in the narrative of events. See Lanman, 529 F.3d at 684; Frazier, 41 F. App'x at 764; Warshaw, 2020 WL 1545554, at *2. Second, Fields and Watson are shielded from Raspberry's lawsuit under the doctrine of judicial immunity. It is well-settled that

judicial officers "are absolutely immune from civil suits for money damages under § 1983" for actions performed while presiding over a case. Coleman v. Governor of Mich., 413 F. App'x 866, 873 (6th Cir. 2011) (citing Mireles v. Waco, 502 U.S. 9, 9–10 (1991)). "Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment is not impaired by the exposure to damages by dissatisfied litigants." Davis v. Sears Dep't Store, 1:13-CV-00821, 2013 WL 4593640, at *3 (N.D. Ohio 2013) (citing Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997)). The Sixth Circuit has held that this protection extends to "any person acting as an arm of the absolutely immune judicial officer." Coleman, 413 F. App'x at 873 (citing Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994)). Judicial immunity can only be overcome in two limited circumstances: (1) where "the judge's actions were non-judicial;" or (2) where "the judge performed the actions 'in the complete absence of all jurisdiction.'" Ward v. City of Norwalk, No. 15-3018, 2016 WL 402975, at *2 (6th Cir. Feb. 3, 2016) (quoting Mireles, 502 U.S. at 11-12).

According to the complaint, Fields and Watson serve as either judges, clerks, or judicial commissioners in either the city of Lexington, Tennessee, or Henderson County. However, regardless of which position they hold, they are shielded by absolute judicial immunity for "actions taken . . . during the course of the criminal

- 13 -

proceedings, such as making rulings and issuing orders and judgments." Lyons v. Tennessee, No. 16-2451-STA-egb, 2017 WL 2455173, at *4 (W.D. Tenn. June 6, 2017); see also Coleman, 413 F. App'x at 873. Moreover, Raspberry's complaint does not plausibly allege any facts that would allow the court to infer that either exception to judicial immunity applies. Therefore, it is recommended that Raspberry's claims against Fields and Watson be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. RECOMMENDATION

For the above reasons, it is recommended that Raspberry's claims be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further recommended that, should this report be adopted, Raspberry be granted thirty days from the entry of the order to file an amended complaint that specifically identifies the deputy or deputies allegedly responsible for each arrest. Raspberry should be warned that failure to timely comply with the court's order will result in the dismissal of the complaint in its entirety.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

August 10, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**