IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

────────────────────────────────────────────────

| | |
|---|---|
| DAMEION B. RASPBERRY,          )<br><br>    Plaintiff,          )<br><br>v.          )<br><br>JOSH BRAMLEY and JASON          )<br>MCCALLISTER,          )<br><br>    Defendants.          ) | No. 21-cv-1055-SHM-tmp |

────────────────────────────────────────────────

## REPORT AND RECOMMENDATION

────────────────────────────────────────────────

Before the court is defendant Deputy Josh Bramley's Motion to Dismiss plaintiff Dameion Raspberry's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 29.) Deputy Bramley filed the motion on February 16, 2022, and Raspberry responded on February 25, 2022. (ECF No. 31.) For the below reasons, the undersigned recommends that the motion be granted.

### I.   PROPOSED FINDINGS OF FACT

Raspberry's complaint describes two seemingly unrelated arrests in the summer of 2020. First, Raspberry alleges that on May 13, 2020, he was arrested by defendant Deputy Jason McCallister, of the Henderson County Sheriff's Department, for theft of property. (ECF No. 32 at 3.) A day later, Deputy McCallister swore out an affidavit in support of an arrest warrant

- 1 -

for the charge. (Id.) In this affidavit, which Raspberry attached

to his complaint, Deputy McCallister states the following:

> On May 10, 2020 Dameion Raspberry did commit the offense
> of Theft over $1000.00 in that he took a 1993 Ford Taurus
> VIN: 1FACP5245PG267406 belonging to Nelva Gilliland.
> This vehicle is titled, registered, and insured by Ms.
> Gilliland. Mr. Raspberry did willfully and knowingly
> take said vehicle because Ms. Gilliland's daughter,
> Felicia Ellis, allegedly spent his "stimulus money", and
> Mr. Raspberry told Ms. Ellis that he was keeping the
> car. Ms. Gilliland values her car at $2000.00.

(ECF No. 15-1 at 1.) Raspberry alleges that Deputy McCallister

"caused the arrest warrant to be issued on less than probable

cause" and states that the charges were dismissed on December 22,

2020, after Ellis testified in his favor. (ECF No. 15 at 3.)

Second, Raspberry alleges that on May 26, 2020, Deputy Josh

Bramley, also of the Henderson County Sheriff's Department,

arrested him for domestic assault. (Id.) On June 1, 2020, Deputy

Bramley swore out an affidavit in support of an arrest warrant,

which Raspberry also attached to the complaint. (ECF No. 15-2 at

1.) In this affidavit, Bramley states:

> Defendant did assault victim, Marque Blakemore, his ex-
> girlfriend by standing over her and threatening to kill
> the victim while the co-defendant, Ashley Moore,
> assaulted the victim causing her to be in imminent fear
> causing bodily harm to her face, head, and obstructed
> her vision. Victim was transported by EMS. The defendant
> was taken into custody At Old Jackson Road and
> transported to the Henderson County Criminal Justice
> Center. This did occur in Henderson County at 11 Lakeview
> Park Cove.

- 2 -

(Id.) Raspberry alleges that Deputy Bramley "caused the arrest warrant to be issued on less than probable cause" and notes that all charges were later dismissed. (ECF No. 15 at 3.)

Raspberry states that the "Henderson County Sheriff's department failed to investigate complaints of theft, and to overrule the conclusions within the Department in spite of the evidence that such incidents were unjustified and improper." (Id. at 4.) He alleges violations of his constitutional rights under the Fourth and Fourteenth Amendments and brings claims under 42 U.S.C. § 1983, Article I § 35 of the Tennessee Constitution, and Tennessee state tort law, specifically for assault and intentional infliction of emotional distress. (Id. at 4-6.) For these alleged violations, he seeks $250,000 in damages and injunctive relief "precluding the Defendant from engaging in the conduct complained herein in the future." (Id. at 8.)

Raspberry filed the present case on April 12, 2021. (ECF No. 1.) Pursuant to Administrative Order 2013-05, the case was assigned to the undersigned for management of all pretrial matters, including screening of the complaint to determine whether summons should issue pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2). The undersigned entered a report and recommendation, recommending that some of Raspberry's claims be dismissed, but recommending that process be issued as to Deputies Bramley and McCallister contingent on Raspberry amending the original

- 3 -

complaint. (ECF No. 14.) That report and recommendation was adopted in full by the presiding district judge on August 30, 2021. (ECF No. 16.) Raspberry subsequently amended his complaint, and summonses were issued to both Deputies Bramley and McCallister. Summons as to Deputy Bramley was returned executed, (ECF No. 21), but Deputy McCallister could not be located. (ECF No. 44.) Deputy Bramley then filed the present motion on February 16, 2022, arguing that Raspberry's complaint fails to state a claim and that he is entitled to qualified immunity.[1] (ECF No. 29.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Claims Against Bramley

To avoid dismissal for failure to state a claim under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1]Raspberry also filed a second amended complaint that is identical to his amended complaint except for two handwritten notations pointing out facts already contained in the original complaint. (ECF No. 32.) Bramley filed a motion to strike this second amended complaint, but since the second amended complaint is essentially just a refiling, the undersigned recommends that the motion be denied. (ECF No. 38.)

misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

When bringing claims under 42 U.S.C. § 1983 a plaintiff must establish that "the defendants acted under color of state law and that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or federal laws." Noffsinger v. Landers, 196 F. Supp. 3d 746, 751 (N.D. Ohio 2016). Once the specific constitutional right at issue is identified, courts must determine "the elements of, and rules associated with, an action seeking damages for its violations." Manuel v. City of Joliet, Ill., 137 S. Ct. 911, 920 (2017). Courts should always look first to analogous state tort law to determine the elements of these actions. Id. Raspberry has brought an action for constitutional false arrest, which requires him to allege, with enough facts to make such a claim plausible, that "the officers lacked probable cause to arrest [him]." Hartman v. Thompson, 931 F.3d 471, 483 (6th Cir. 2019).

Raspberry provides a single paragraph in his complaint describing alleged illegal conduct by Deputy Bramley:

> On June 1st, 2020, Defendant (Josh Bramley) attested and sworn as the affiant in the affidavit portion of the arrest warrant that Plaintiff perpetrated [sic] DOMESTIC

- 5 -

> ASSAULT. And Physical Arrest May 26th, 2020 Defendant (JOSH BRAMLEY) caused the arrest warrant to be issued on less than probable cause. Served (12) hours on charges later all charges were dismissed by the court.

(ECF No. 32 at 3.) A constitutional false arrest claim requires a plaintiff to "prove that the police lacked probable cause to arrest him." Wright v. City of Euclid, Ohio, 962 F.3d 852, 872 (6th Cir. 2020) (citing Burley v. Gagacki, 834 F.3d 606, 613-14 (6th Cir. 2016)). Similarly, an invalid arrest warrant is one that issues without probable cause. United States v. Baker, 976 F.3d 636, 641-42 (6th Cir. 2020) (noting that arrest warrants shall only issue with probable cause); see also Rogers v. Blickensdorf, No. 14-cv-13192, 2015 U.S. Dist. LEXIS 115028, at *4-5 (E.D. Mich. Aug. 31, 2015) ("Applying these principles in the context of a § 1983 claim, a Plaintiff does not satisfy Federal Rule of Civil Procedure 8 by making an unsupported assertion that probable cause is lacking.") (citing Kister v. Kelly, No. 2:12-cv-00572, 2015 WL 1412407, at *14 (S.D. Ohio Mar. 26, 2015)). Stating that a warrant lacks probable cause, without any indication as to how or why, is merely a restatement of the relevant legal test rather than a factual allegation. Without even a cursory description of how Deputy Bramley "caused the arrest warrant to be issued on less than probable cause," (ECF No. 32 at 3), Raspberry's complaint cannot be said to allow for a "reasonable inference that [Bramley] is liable for the misconduct alleged." Napolitano, 648 F.3d at 369.

Further, Raspberry attached the affidavit supporting the arrest warrant to the complaint. Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007) ("Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss."). Upon review of the four corners of the affidavit, the undersigned finds that it does not support any of Raspberry's claims. Indeed, it demonstrates that the arrest was supported by probable cause. The affidavit states that a victim accused Raspberry and his girlfriend at the time of beating her and threatening to kill her. This would provide probable cause for an arrest warrant for domestic assault. See Legenzoff v. Steckel, 564 F. App'x 136, 142 (6th Cir. 2014) ("In assessing probable cause, this Court has held that an eye witness identification and accusation, by itself, is sufficient to establish probable cause.") (citing Ahlers v. Schebil, 188 F.3d 365, 371 (6th Cir. 1999)). The undersigned recommends that Deputy Bramley's motion to dismiss be granted.

Raspberry also asserts state tort law claims of assault and intentional infliction of emotional distress, as well as a claim under the Tennessee Constitution. There is no diversity jurisdiction in this case, and the only federal question presented involved the § 1983 claims addressed above. To the extent Raspberry asserts any state law claims, the undersigned recommends declining supplemental jurisdiction. Booker v. City of Beachwood, 451 F.

App'x 521, 523 (6th Cir. 2011) ("When, as here, 'all federal claims
are dismissed before trial, the balance of considerations usually
will point to dismissing the state law claims'".) (quoting Musson
Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1254-55 (6th
Cir. 1996)).

**B.    Motion to Amend**

Raspberry also filed a "Motion to Add Joinder with Request
for Enlargement of Time for Filing Discovery Request/Responses,"
which is best characterized as a motion to amend his complaint. In
this motion, Raspberry seeks to add a new defendant, Deputy Zachary
Lomax, and lists one additional factual allegation against Deputy
Bramley, namely that "Defendant (Bramley) admitted to not being at
the scene of the arrest and issuing a warrant only based on Ms.
Blakemore (INTERROG NO.12) which carries the factual argument."
(ECF No. 49 at 2.)

The undersigned recommends that this motion be denied as
futile. Sarrell v. Waupaca Foundry, Inc., 1:17-cv-56-TRM-SKL, 2017
WL 3161147, at *2 (E.D. Tenn. Jul. 25, 2017) ("Although leave to
amend is ordinarily freely given under Fed. R. Civ. P. 15, an
amendment may be denied as futile if the claim sought to be added
'could not withstand a Rule 12(b)(6) motion to dismiss.'") (citing
Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th
Cir. 2000)). Raspberry's motion seeks to add Deputy Lomax but
alleges no facts that would support liability as to him. Indeed,

- 8 -

it merely notes that he "made the unlawful arrest," which again amounts to a legal conclusion rather than a factual allegation. The additional sentence about Deputy Bramley's involvement states that he relied solely on an alleged victim's statement to support an arrest warrant. As discussed above, this supports probable cause in and of itself. <u>Legenzoff</u>, 564 F. App'x at 142.

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that the Motion to Dismiss be granted as to the § 1983 claim, that the court decline to exercise supplemental jurisdiction over the remaining state law claims, and that Raspberry's motion to amend be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

May 11, 2022
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**