IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| DAMEION RASPBERRY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 21-1055-SHM-tmp |
| | ) |
| JOSH BRAMLEY and | ) |
| JASON MCCALLISTER, | ) |
| | ) |
|     Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

On April 12, 2021, plaintiff Dameion Raspberry filed a *pro se* complaint and a motion to proceed *in forma pauperis* ("IFP"), which was granted on April 28, 2021.[1] (ECF Nos. 1, 2, & 8.) His complaint asserted claims of false arrest and constitutional violations against defendants Bramley and McCallister, both employees of the Henderson County Sheriff's Office. (ECF No. 1.) Process was eventually issued as to both defendants, with summons returning executed as to defendant Bramley and unexecuted as to defendant McCallister. (ECF Nos. 18, 20-21.) Ultimately, the undersigned recommended that Raspberry's claims against Bramley be dismissed,

---

[1] Pursuant to Administrative Order No. 2013-05, this case was referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation, as appropriate.

a recommendation that presiding Senior District Judge Mays adopted on June 17, 2022. (ECF Nos. 50, 61.) McCallister is thus the only remaining defendant in the case.

At a scheduling conference held on March 3, 2022, counsel for Bramley agreed to provide the court with the last known address of McCallister, who is no longer employed by the Henderson County Sheriff's Office. (ECF No. 33.) Summons was issued on March 11, 2022, (ECF No. 39), but was returned unexecuted on April 1, 2022. (ECF No. 44.)

On May 10, 2022, Raspberry filed a "Motion of Service to Subpoena," but which was more accurately characterized as a Motion to Reissue Process as to Defendant McCallister. (ECF No. 48.) Raspberry provided a new address where McCallister allegedly resided, which he obtained from records of a prior civil suit. The undersigned ordered that process be issued, (ECF No. 51), but summons was again returned unexecuted. (ECF No. 59.) After this, the undersigned entered an Order to Show Cause giving Raspberry thirty days in which to provide a correct address to serve McCallister. (ECF No. 60.) The Order warned that if Raspberry could not provide such an address, the undersigned would recommend that his claims against McCallister, and thus the remainder of his case, be dismissed without prejudice for failure to serve. (Id.) Raspberry never responded to that order.

- 2 -

Plaintiffs generally bear the burden of effecting service, but where they have been granted IFP status under 28 U.S.C. § 1915, the court must order that "service be made by a United States marshal or deputy or marshal." Fed. R. Civ. P. 4(c)(3). However, this "does not totally divest an *in forma pauperis* plaintiff of the responsibility to assure that service is perfected." Jenkins v. Mich. Dept. of Corrections, No. 14-cv-11812, 2015 WL 13742653, at *3 (E.D. Mich. Sept. 23, 2015) (quoting Freeman v. Collins, No. 2:08-cv-0071, 2011 WL 4914837, at *2 (S.D. Ohio Oct. 17, 2011)). Federal Rule of Civil Procedure 4 states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff can show good cause for an extension of time. It has been 290 days since the undersigned screened Raspberry's amended complaint and ordered that summons be issued. In that time, there have been three unsuccessful attempts to serve McCallister. Raspberry did not respond to the court's Order to Show Cause, which provided him with an opportunity to request a further extension of time or a chance to present the court with another address. Raspberry was previously warned that a failure to respond would lead to the undersigned recommending that his claims against

- 3 -

McCallister be dismissed.

Accordingly, the undersigned recommends that Raspberry's claims against McCallister be dismissed without prejudice due to failure to serve.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 21, 2022
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**